# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-1153**

TUSCOLA AREA AIRPORT AUTHORITY, ET AL.,
PETITIONERS

v.

STEPHEN DICKSON,
RESPONDENT

Consolidated with 19-1258

**September Term, 2020**

FILED ON: NOVEMBER 20, 2020

On Petitions for Review of a Final Order
of the Federal Aviation Administration

Before: TATEL and MILLETT, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

## J U D G M E N T

These cases were considered on the record from the Federal Aviation Administration and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that for the reasons set forth in the attached memorandum, the petitions for review be denied.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

<u>**MEMORANDUM**</u>

A local airport authority and others ("the Authority") petition for review of an FAA determination that several proposed wind turbines near the Tuscola Area Airport would not be a hazard to aeronautical safety. The area already contains numerous other turbines. Because the proposed turbines exceeded the height the FAA presumes to be safe near airports, the FAA issued a notice of presumed hazard. *See* 14 C.F.R. § 77.17(a). The FAA then performed a full aeronautical study and determined that the turbines would generate clutter on the primary radar used by the airport for air traffic control but that the aggregate impact on air safety would be negligible.

The Authority now petitions us to vacate the FAA's no-hazard determination. They raise several arguments that allege the FAA's no-hazard determination was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). They argue that the FAA lacked substantial evidence for its determination, and that the FAA failed to consider relevant factors including the turbines' local economic impacts and the turbines' impacts on the airport's ability to meet its grant assurances. Finally, they argue that the FAA provided insufficient notice to permit adequate public comment on the turbines' safety because the FAA's notice provided the wrong aeronautical study number twice.

The petitioners' arguments are unpersuasive. Their arguments concerning the evidence essentially just disagree with the agency's weighing of the evidence. Their disagreement does not render the FAA's decision arbitrary or capricious. *See Town of Barnstable v. FAA*, 740 F.3d 681, 690 (D.C. Cir. 2014). The FAA reasonably concluded that the turbines would not have a substantial adverse effect on aeronautical safety due to the low quantity of flights that the turbines would affect and the distance of the turbines from the regular traffic pattern of the airport. Moreover, the FAA solicited the views of air traffic controllers at the affected air traffic control facility in Saginaw, and, in their expert view, the additional wind turbines would not create a safety issue. As for the petitioners' argument that the FAA failed to consider relevant factors, the FAA is not required to consider local economic impacts or grant assurances when determining whether a structure will affect aeronautical safety. *See* 49 U.S.C. § 44718(b)(1). Finally, as to the petitioners' final argument, the FAA's typographical errors did not prejudice the petitioners. The notice issued by the FAA provided the correct study number numerous times. Petitioners do not provide a single public comment that the FAA actually failed to consider due to the typos. As for the additional comments submitted when the Authority petitioned the agency to review its determination, the FAA acknowledged those comments and stated that they would not have changed its determination.